1  DAVID CHIU, State Bar #189542
   City Attorney
2  JENNIFER E. CHOI, State Bar #184058
   Chief Trial Deputy
3  ZUZANA S. IKELS, State Bar #208671
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 355-3307
6  Facsimile:    (415) 554-3837
   E-Mail:       zuzana.ikels@sfcityatty.org
7

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9

10               UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13  JOHN CJ DOE BY AND THROUGH HIS          Case No. 24-cv-2872
    GUARDIAN AD LITEM HONG CHEW,
14                                          **NOTICE OF REMOVAL PURSUANT TO**
            Plaintiff,                      **28 U.S.C. §§ 1441, 1446**
15
            vs.                             Trial Date:        Not Set
16
    CITY AND COUNTY OF SAN
17  FRANCISCO, DOES 1-100, INCLUSIVE,
    AND MOES 1-100, INCLUSIVE,
18
            Defendants.
19

20

21

22  TO THE CLERK OF THE COURT, PLAINTIFF, AND THEIR COUNSEL OF RECORD:

23         PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant City and

24  County of San Francisco hereby removes this civil action from the Superior Court of the State of

25  California for the County of San Francisco, where it is pending as Case No. CGC-24-611415, to the

26  United States District Court for the Northern District of California.

27         This Court has original jurisdiction over this action under 28 U.S.C. § 1441 on the ground that

28  Plaintiffs' Complaint alleges a violation of the laws of the United States.  And to the extent that

Plaintiffs' Complaint alleges claims or causes of action other than those arising under the Constitution, laws, or treaties of the United States, said claims and causes of action may be removed and adjudicated by this Court pursuant to 28 U.S.C. §§ 1367 and 1441(c).

A civil action bearing the above-caption was commenced in the Superior Court of the State of California for the City and County of San Francisco, as Case No. CGC-24-61 1415, on January 4, 2024, against Defendants City and County of San Francisco, Does 1-100, inclusive, and Moes 1-100, inclusive, and is pending therein.  The Summons and Complaint were served on Defendant City and County of San Francisco on April 11, 2024.

Under the fourth cause of action, the Complaint brings a claim under 42 U.S.C. § 1983, alleging that Plaintiff was a juvenile, ordered to be confined, and placed in detention within a facility run by San Francisco's Juvenile Probation Department. Plaintiff alleges that unnamed DOE and MOE Defendants violated Plaintiffs' civil rights.  Specifically, the Complaint alleges that Plaintiff was suffering from suicidal ideation and was placed in solitary confinement, for his protection, on January 12, 2023 and September 28, 2023, which he alleges was a violation of the Fourth Amendment. Compl. ¶¶ 29, 86-94.

This action may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a) because the Complaint alleges a violation of the laws of the United States.  *See also* 28 U.S.C. § 1331.  And the Court has supplemental jurisdiction over all other claims in the Complaint pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1441(c) because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.  *See* 28 U.S.C. § 1441(c).

Pursuant to 28 U.S.C. § 1446, copies of the following documents are attached hereto:

Exhibit A:  Complaint filed by Plaintiff in the San Francisco Superior Court on 1/4/2024

Exhibit B:  Notice to Plaintiff filed by the San Francisco Superior Court on 1/4/2024

Exhibit C:  Summons issued by the San Francisco Superior Court on 1/5/2024

Exhibit D:  Civil Case Cover Sheet filed by Plaintiff on 1/8/2024 (Exhibit D)

Venue in this district is proper under 28 U.S.C. § 1441 because this District includes the Superior Court of the State of California for the County of San Francisco, the forum in which the removed action was pending.

Defendant will promptly file a Notice of this Removal with the Clerk of the Superior Court of the State of California for the County of San Francisco and serve the Notice on all parties.

WHEREFORE, Defendant prays that the above action now pending in the Superior Court of the State of California in and for the City and County of San Francisco be removed in its entirety to this Court for all further proceedings, pursuant to 28 U.S.C. § 1441, *et. seq.*

Dated:  May 13, 2024

DAVID CHIU
City Attorney
JENNIFER E. CHOI
Chief Trial Deputy
ZUZANA S. IKELS
Deputy City Attorney


By:  */s/ Zuzana S. Ikels*
ZUZANA S. IKELS

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

## PROOF OF SERVICE

I, KASSY ADAMS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On May 13, 2024, I served the following document(s):

**NOTICE OF REMOVAL PURSUANT TO  28 U.S.C. §§ 1441, 1446**

on the following persons at the locations specified:

Joseph M. Goethals
Charles P. Stone
GOETHALS LEGAL, PC
1131 Howard Ave.
Burlingame, CA 94010
Telephone:     (650) 218-4319
Email:             joe@goethalslegal.com
                      charles@goethalslegal.com


*Attorneys for Plaintiff*
JOHN CJ DOE BY AND THROUGH HIS
GUARDIAN AD LITEM HONG CHEW

in the manner indicated below:

☒     **BY UNITED STATES MAIL**:  Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒     **BY ELECTRONIC MAIL:**  I caused a copy of such document to be transmitted *via* electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address:  kassy.adams@sfcityatty.org.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed May 13, 2024, at San Francisco, California.

_____
KASSY ADAMS

# Exhibit A

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**01/04/2024**
**Clerk of the Court**
BY: ERNALYN BURA
Deputy Clerk

Joseph M. Goethals (SBN 242889)
Charles P. Stone (SBN 224897)
GOETHALS LEGAL, PC
1131 Howard Ave.
Burlingame, CA 94010
Telephone (650) 218-4319
Email: joe@goethalslegal.com
Email: charles@goethalslegal.com
Attorneys for Plaintiff JOHN CJ DOE
BY AND THROUGH HIS GUARDIAN
AD LITEM HONG CHEW

**CGC-24-611415**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| **JOHN CJ DOE BY AND THROUGH HIS GUARDIAN AD LITEM HONG CHEW,**<br><br>      Plaintiff,<br><br>   v.<br><br>**CITY AND COUNTY OF SAN FRANCISCO, DOES 1-100, INCLUSIVE, AND MOES 1-100, INCLUSIVE**<br><br>      Defendants. | No. _____<br><br>**PLAINTIFF JOHN CJ DOE BY AND THROUGH HIS GUARDIAN AD LITEM HONG CHEW'S COMPLAINT FOR DAMAGES:**<br><br>1) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>3) **NEGLIGENCE;**<br>4) **NEGLIGENT HIRING/SUPERVISION/RETENTION;**<br>5) **VIOLATION OF 42 U.S.C. § 1983 (CRUEL AND UNUSUAL PUNISHMENT)**<br><br>**DEMAND FOR JURY TRIAL.** |

//

//

COMES NOW, Plaintiff JOHN CJ DOE, who complains and alleges as follows:

## GENERAL ALLEGATIONS

1.     This action seeks to vindicate the rights of a minor who was suffering from depression and suicidal ideation while detained in San Francisco Juvenile Hall. Facility administrators knew that the minor was suffering from these symptoms but nonetheless placed the minor in solitary confinement. Without supervision while in confinement and still suffering from depression and suicidal ideation, minor was led to attempt to take his own life.

//

## THE PARTIES

### (PLAINTIFFS)

2.     At all times mentioned herein, Plaintiff JOHN CJ DOE BY AND THROUGH HIS GUARDIAN AD LITEM HONG CHEW (hereinafter "Plaintiff") was an individual resident of the State of California and County of San Francisco. The name utilized by Plaintiff in this Complaint is not the real name of Plaintiff, but a fictitious name utilized to protect his privacy as a minor whose constitutional and legal rights have been violated. See *Doe v. Lincoln Unified School District* (2010) 188 Cal.App.4th 758; *Starbucks Corp. v. Superior Court* (2008) 168 Cal.App.4th 1436.

3.     At all times mentioned herein, Plaintiff was a young man on probation in the custody of San Francisco Juvenile Hall, in San Francisco, California, supervised by Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "CCSF") (by and through its employees and/or agents acting within the scope of their employment/agency,)  and DOES 1-100, inclusive, during the time that Plaintiff was led to attempt to take his own life as a result of being placed in solitary confinement by employees and/or agents of Defendant CCSF, as described herein.

### (DEFENDANTS)

4.     Defendant CCSF is a California public entity, located within the jurisdictional territory of this Court. At all times pertinent to this action Defendant CCSF maintained a Juvenile Probation Department and employed Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive. Pursuant to California Government Code section 815.2, Defendant CCSF is a public entity liable for injuries

"proximately caused by an act or omission of an employee within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Under California Government Code section 820, Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive, are public employees liable for injuries caused by their acts or omissions to the same extent as a private person.

5.      Plaintiff is informed and believes that at all relevant times herein Defendants DOES 1-100, inclusive, were employees or agents of Defendant CCSF, working within Defendant CCSF's Juvenile Probation Department, and were acting within the course and scope of such employment and/or agency when they committed torts against Plaintiff. Plaintiff is informed and believes that at all relevant times herein Defendants MOES 1-100, inclusive, were employees or agents of Defendant CCSF and were acting within the course and scope of such employment and/or agency in negligently hiring, retaining, promoting, supervising, and/or managing Defendants DOES 1-100.

6.      While Plaintiff was a minor, he was placed in the direct custody, control, and direction of Defendant CCSF's Juvenile Probation Department through Defendant CCSF's employees and agents, including, but not limited to, Defendants DOES 1-100, inclusive, due to the fact that his confinement at Defendant CCSF's Juvenile Probation Department was court-ordered and mandatory.

7.      Defendant CCSF and its employees and/or agents and Defendants DOES 1-100, inclusive, were aware, through reports, communications, and complaints, that Plaintiff was suffering severe mental health issues, including suicidal ideation. However, instead of taking adequate corrective and preventative action, Defendant CCSF, by and through its employees and/or agents, acting in the course and scope of their employment and/or agency, and Defendants DOES 1-100, inclusive, chose to ignore and were deliberately indifferent to Plaintiff's severe mental health issues, failed to summon medical care to mitigate or abate the mental health crisis Plaintiff was suffering, or to provide adequate medical care to Plaintiff, and placed Plaintiff in solitary confinement, exacerbating Plaintiff's mental health issues, causing Plaintiff to contemplate suicide, and ultimately leading Plaintiff to attempts to take his own life.

8.      Upon information and belief, Defendant CCSF (by and through the acts and/or omissions of its employees and/or agents acting in the course and scope of their employment/agency,) and

Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive, are each responsible in some manner for the occurrences herein alleged, and were a legal cause of the severe mental health issues, suicidal ideation, and suicide attempts which resulted in injury to Plaintiff as alleged herein.

9.      Plaintiff is informed and believes, and based thereon alleges, that at all relevant times alleged herein, Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive, each acted as the employees and/or agents of Defendant CCSF. In committing the acts and/or omissions alleged herein, DOES 1-100, inclusive, and MOES 1-100, inclusive, each acted within the course and scope of their relationship or employment and/or agency with Defendant CCSF and gave and received full consent, permission and ratification to the acts and/or omissions alleged herein from Defendant CCSF by and through its employees and/or agents acting in the scope and course of their employment and/or agency.

10.      Upon information and belief, Defendant CCSF had and continues to have a policy and practice of placing minors in the Juvenile Probation Department in solitary confinement, regardless of whether they were/are suffering from severe mental health issues including, but not limited to, suicidal ideation.

11.      Plaintiff is informed and believes, and on this basis alleges, that at all times mentioned herein, Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive, were the trustees, partners, servants, joint venturers, shareholders, contractors, and/or employees of each other and Defendant CCSF, and the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of each and every other Defendant and that said conduct was thereafter ratified by each and every other Defendant, and that each of them is jointly and severally liable to Plaintiffs.

12.      Plaintiff is informed and believes, and on this basis alleges, that at all times mentioned herein, Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive, were the agents, representatives and/or employees of Defendant CCSF. In doing the acts and/or omissions hereinafter alleged, said Defendants were acting within the course and scope of said alternative personality, capacity, identity, agency, representation, and/or employment and were within the scope of their

authority, whether actual or apparent at the time they committed the acts or failures to act alleged herein.

13.     Defendants DOES 1-100, inclusive, acting in the course and scope of their employment and/or agency for Defendant CCSF failed to properly provide for the mental and physical safety and health needs of Plaintiff, and failed to provide immediate medical assistance, whether mental or physical, when reasonably necessary.

14.     Defendant CCSF and Defendants DOES 1-100, inclusive, had a duty to assure the reasonable health, safety, and freedom from undue restraint, and cruel and unusual punishment of those in Defendant CCSF's custody, including Plaintiff. This duty included, but was not limited to, providing for immediate medical care and assistance when Defendants knew or should have known of such a need.

15.     The true names and capacities of Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive, are unknown to Plaintiff, who therefore sues those defendants by fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of these DOE and MOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges, that DOES 1-100, inclusive, are each responsible in some manner for the events herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct. Plaintiff is further informed and believes that at all times relevant hereto that Defendant CCSF (by and through its employees and/or agents acting in the course and scope of their employment and/or agency,) Defendants DOES 1-100, inclusive, and Defendants MOES 1-100, inclusive, acted in concert with one another and in furtherance of each other's interests.

16.     Plaintiffs will file and serve one or more amendments to this Complaint upon learning the true names and capacities of said DOE and MOE Defendants.

//

## JURISDICTION AND VENUE

17.     Jurisdiction and venue are proper in this court. The acts, omissions, and events which give rise to this case occurred within the CCSF. At least one or more of the Defendants in this action reside and do business in the CCSF. The amount in controversy in this case exceeds the jurisdictional

minimum of this court. Venue is also proper pursuant to code of civil procedure sections 395 and 395.5 as one or more of the Defendants conducted substantial business in the CCSF and the events in relation to this action occurred in the CCSF.

//

## FACTUAL ALLEGATIONS

18. At all times material hereto, Plaintiff was a minor in the direct custody, care, supervision, and control of Defendants due to physical confinement and commitment within Defendant CCSF's Juvenile Probation Department. Plaintiff's confinement at Defendant CCSF's Juvenile Probation Department and detention facilities was court-ordered and mandatory.

19. Defendant CCSF's employees and agents involved in its Juvenile Probation Department have and had an obligation and duty to use reasonable care to assure the reasonable health and safety of minors in custody and under the supervision of Defendant CCSF's Juvenile Probation Department.

20. Plaintiff is informed and believes, and on this basis alleges, that at all times material hereto, Defendant CCSF hired DOES 1-100, inclusive, to serve as Chief Probation Officers, Probation Officers, Deputy Probation Officers, and as other employees, responsible for the custody, supervision, control, safety, wellbeing, and direction, of juveniles at Defendant CCSF's Juvenile Hall.

21. Under Government Code section 815, a public entity is not liable for an injury to a person except as otherwise provided by statute. Pursuant to California Government Code section 815.2, Defendant CCSF is a public entity liable for injuries "proximately caused by an act or omission of an employee within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Under Government Code section 820, Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive, are public employees liable for injuries caused by their acts or omissions to the same extent as a private person.

22. Pursuant to Government Code section 845.6, Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive, are public employees, and Defendant CCSF is a public entity for whom Defendants DOES 1-100 were acting within the scope of their employment and/or agency at the time of the acts and failures to acts alleged herein, and both Defendants DOES 1-100, inclusive, and Defendant CCSF

(by and through the acts and failures to act of its employees and/or agents) are liable for harm to a prisoner "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon medical care."

23. Plaintiff is informed and believes, and on this basis alleges, that at all times material hereto, Defendants MOES 1-100, inclusive, acting within the scope and course of their employment and/or agency, failed in all aspects of their obligations, including in the hiring, retention, training and supervision of Defendants DOES 1-100, inclusive, as outlined herein.

These failures, among others, are detailed in greater specificity herein:

a. Defendant CCSF had and continues to have a policy and practice of placing minors in the custody of the Juvenile Probation Department in solitary confinement, regardless of whether they were/are suffering from severe mental health issues, including but not limited to suicidal ideation;

b. Defendants DOES 1-100, inclusive, were permitted by Defendant CCSF to place minors in the Juvenile Probation Department, including Plaintiff, in solitary confinement, no matter their wellbeing;

c. Defendant CCSF's employees and/or agents within the Juvenile Probation Department and other departments were provided with no or insufficient training regarding how to use reasonable care to prevent or handle mental health issues and crises;

d. Defendant CCSF's employees and/or agents within the Juvenile Probation Department and other departments were provided no or insufficient training on how to use reasonable care to handle reports of mental health issues and crises.

24. Plaintiff is informed and believes, and on this basis alleges, that at all times material hereto, Defendants DOES 1-100, inclusive, were under the supervision, management, agency, and control of Defendants MOES 1-100, inclusive, who were acting within the course and scope of their employment and/or agency for Defendant CCSF.

25. Plaintiff is informed and believes, and on this basis alleges, that DOES 1-100, inclusive, were hired, employed, supervised, and retained by Defendants MOES 1-100, inclusive, acting within the course and scope of their employment and/or agency for Defendant CCSF. In that capacity, Defendant MOES 1-100s' employment duties included, but were not limited to, formulating policies

regarding confinement and supervising and/or interacting with juvenile probationers while they, including Plaintiff, were confined at Defendant CCSF's Juvenile Hall. Defendants MOES 1-100, inclusive, failed to use reasonable care in carrying out their employment duties including, but not limited to, formulating policies regarding confinement and supervising and/or interacting with juvenile probationers while they, including Plaintiff, were confined at Defendant CCSF's Juvenile Hall. While still a minor, Plaintiff was confined to Defendant CCSF's Juvenile Hall and thus was under the custody, care, supervision, control and direction of Defendant CCSF, by and through its employees and/or agents. It was under these circumstances that Defendants DOES 1-100, inclusive, ignored Plaintiff's severe mental health issues, failed to summon medical care to mitigate or abate the mental health crisis Plaintiff was suffering, failed to provide adequate care for Plaintiff's severe mental health issues, and greatly exacerbated Plaintiff's mental health issues by placing Plaintiff in solitary confinement, ultimately causing Plaintiff to attempt to take his own life on multiple occasion. Plaintiff's mental and physical injuries were a direct, proximate, substantial, and legal result of

26.     As a minor in Defendant CCSF's Juvenile Hall, Plaintiff was placed directly in the custody, control, care, supervision and direction of Defendant CCSF and Defendants DOES 1-100, inclusive, which created a special, confidential, and fiduciary relationship with Plaintiff. Because of such relationship, Defendant CCSF (by and through its employees and/or agents,) and Defendants DOES 1-100, inclusive, owed Plaintiff a duty of care. Additionally, as the employers and supervisors of Defendants DOES 1-100, inclusive, who had knowledge that Defendants DOES 1-100, inclusive, were in direct contact with and providing essential care to minor probationers, Defendant CCSF (by and through its employees and/or agents) and Defendants DOES 1-100, inclusive, were also in a special, confidential, and fiduciary relationship with Plaintiff, and thereby owed Plaintiff a duty of care that included taking reasonable steps to ensure that Plaintiff's mental health and other health and safety needs were met and not subjecting Plaintiff to undue conditions that would severely negatively impact his mental health, and health and safety. This duty of care also included, but was not limited to, summoning immediate medical care when its need was known and providing for adequate immediate medical care and assistance when Defendants knew or should have known of such a need. As the responsible party and employer controlling Defendants DOES 1-100, inclusive, Defendant

CCSF, by and through its employees and/or agents, Defendants MOES 1-100, was also in a special relationship with Plaintiff, and owed special duties to Plaintiff.

27. Defendants DOES 1-100, inclusive, had a duty to use reasonable care to assure the reasonable health, safety, and freedom from undue restraint and cruel and unusual punishment of those in Defendant CCSF's custody, including Plaintiff. This duty included, but was not limited to, providing for immediate medical care and assistance when Defendants knew or should have known of such a need.

28. By employing Defendants DOES 1-100, inclusive, and assigning them to positions of power and authority over juveniles who had come into the Defendant CCSF's Juvenile Probation Department, Defendants MOES 1-100, inclusive, acting within the course and scope of their employment and/or agency for Defendant CCSF, represented that Defendants DOES 1-100, inclusive, were safe, trustworthy, and of high moral and ethical repute, such that those children, their parents and guardians, and the community, need not have worried about entrusting them with minor children's custody, care, safety, and wellbeing.

29. Plaintiff is informed and believes, and on that basis alleges, that Defendant CCSF's employees and/or agents, including but not limited to, Defendants DOES 1-100, inclusive, knew or should have known that Plaintiff, who was in the custody, care, control, and supervision of Defendant CCSF (by and through its employees and/or agents,) and Defendants DOES 1-100, inclusive, had suffered severe mental health issues, including depression and suicidal ideation, and continued to suffer from severe mental health issues, at all pertinent times alleged herein. Plaintiff threatened to kill himself if he was placed in solitary confinement. Defendants DOES 1-100, thus owed a duty to Plaintiff to provide him with immediate medical assistance since they knew or should have known that Plaintiff was suffering from severe mental health issues and in need of immediate medical care. Instead, Defendants DOES 1-100 placed Plaintiff in solitary confinement on January 12, 2023 and September 28, 2023. On both dates, Plaintiff followed through on his threat to commit suicide resulting in mental and physical injuries.

30. Defendants DOES 1-100, inclusive, knew or should have known that Plaintiff, who was in the custody, care, control, and supervision of Defendant CCSF (by and through its employees and/or

agents,) and Defendants DOES 1-100, inclusive, at all material times, was suffering from severe mental health issues, including but not limited to suicidal ideation, but Defendants DOES 1-100, inclusive, nonetheless placed Plaintiff in solitary confinement on January 12, 2023 and September 28, 2023 despite Plaintiff's threat to commit suicide if he was placed in solitary confinement on both occasions. As a direct, proximate, substantial, and legal result of Defendants DOES 1-100's failure to use reasonable care in placing Plaintiff in solitary confinement on both occasions and their subsequent failure to use reasonable care in monitoring and caring for Plaintiff while Plaintiff was in solitary confinement, Plaintiff tried to commit suicide resulting in substantial mental and physical injuries.

31.    Upon information and belief, Defendant CCSF had and continues to have a policy and practice of placing minors in the Juvenile Probation Department in solitary confinement, regardless of whether they were/are suffering from severe mental health issues including, but not limited to, suicidal ideation.

32.    Subsequent to Plaintiff's severe mental health issues being ignored, not cared for properly, and exacerbated by his isolation in solitary confinement, at the hands of Defendants DOES 1-100, inclusive, while acting within the course and scope of their employment and/or agency for Defendant CCSF, Plaintiff began to experience multiple mental, emotional and psychological problems, including, but not limited to: attempted suicide; suicidal ideation; anxiety; depression; feelings of helplessness; lowered self-esteem; moodiness; difficulty in meaningfully interacting with others; significant trust and control issues with authority figures and law enforcement; difficulty sleeping; flashbacks and intrusive thoughts; stress; nervousness; fear; embarrassment; shame; and loss of enjoyment of life, among others.

33.    The issues referred to in paragraph 32 continue to this day.

34.    Government Code section 945.4 requires Plaintiff to make a government tort claim prior to filing a complaint. Plaintiff filed two separate Government Tort Claims with Defendant CCSF related to the two separate dates on which Plaintiff was placed in solitary confinement and attempted to commit suicide. The first Government Tort Claim was filed on June 20, 2023 and the second was filed on October 18, 2023. Plaintiff filed each of these Claims within six months after the accrual of each cause of action, as required by Government Code section 911.2, and each has been rejected by

Defendant CCSF. Accordingly, Plaintiff has complied with the requirements of Government Code section 945.4 and 911.2.

35.     Pursuant to Government Code section 945.6, Defendant CCSF has provided written notice of the rejection of each of Plaintiff's Claims. The first Claim was rejected on August 2, 2023 and the second claim was rejected on November 21, 2023. The Notices of Rejection of the two Claims Plaintiff made are attached hereto as Exhibit "A." Six months has not passed since either Notice was delivered, and thus time has not expired for commencement of this action pursuant to Govt. Code § 945.6.

//

## THE PLAINTIFF'S DAMAGES

### ECONOMIC AND NON-ECONOMIC DAMAGES

36.     As a direct and proximate result of Plaintiff's severe mental health issues being ignored, not cared for properly, and exacerbated by his isolation in solitary confinement, at the hands of Defendant CCSF and Defendants DOES 1-100, inclusive, and as a direct and proximate result of the acts and/or omissions by and/or of employees and/or agents of Defendants CCSF acting in the course and scope of their employment and/or agency, and Defendants DOES 1-100s' tortious acts, omissions, wrongful conduct, and breaches of their respective duties, Plaintiff has suffered, and continues to suffer, substantial economic and non-economic damages, including but not limited to:

a. Loss of future earnings, in an amount to be proven at trial but in no event less than the minimum jurisdictional amount of this court;

b. Loss of education, employment and/or professional development opportunities, in an amount to be proven at trial but in no event less than the minimum jurisdictional amount of this court;

c. Cost of past and future medical and/or mental health treatment and/or medication, in an amount to be proven at trial but in no event less than the minimum jurisdictional amount of this court;

d. Emotional distress;

e. Anxiety;

e. Attempted suicide;

e. Suicidal ideation;

f. Depression;

g. Lowered self-esteem;

h. Difficulty in meaningfully interacting with others;

i. Difficulty in meaningfully interacting with those in positions of authority over Plaintiffs, including but not limited to physicians, supervisors and employers;

j. Trust issues;

l. Trust issues with authority figures;

m. Struggles with interpersonal relationships;

n. Difficulty communicating with others;

o. Difficulty sleeping/disruptive sleeping;

p. Nightmares;

q. Headaches;

r. Flashbacks and/or intrusive thoughts;

s. Stress;

t. Nervousness;

u. Fear;

v. Hypertension;

w. Disordered eating;

x. Physical and/or nervous pain;

y. Grief;

z. Embarrassment;

aa. Humiliation;

bb. Shame;

cc. Loss of enjoyment of life.

//

//

*Case No. ____*

**PLAINTIFF JOHN CJ DOE BY AND THROUGH HIS GUARDIAN AD LITEM HONG CHEW'S COMPLAINT FOR DAMAGES**

**PUNITIVE DAMAGES**

37.     Upon information and believe, and as set forth herein, Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive, failed to use reasonable care and violated their duties to Plaintiff as well as violating Defendant CCSF's own internal written policies and procedures, including but not limited to:

> a. Duty to use reasonable care to protect Plaintiff, who was in their custody and control, from known or foreseeable dangers;
>
> b. Duty to use reasonable care to protect Plaintiff, who was in their custody, care, and control, and provide adequate and competent probation oversight;
>
> c. Duty to use reasonable care to ensure that any direction given to Plaintiff who was in their custody, care, and control, was lawful, and that probation officers acted fairly, responsibly, and respectfully towards Plaintiff;
>
> d. Duty to use reasonable care to properly train employees so that they are aware of their individual responsibility for creating and maintaining a safe environment;
>
> e. Duty to use reasonable care to review the criminal history of applicants and current employees;
>
> f. Duty to use reasonable care to provide diligent supervision over probationers;
>
> g. Duty to use reasonable care to act promptly and diligently and not ignore or minimize abuse and/or misconduct;
>
> h. Duty to provide immediate medical assistance when the need is known or should be known.
>
> i. Duty to properly manage, supervise, retain, reprimand, and train employees of CCSF responsible for overseeing minor probationers in custody at San Francsico Juvenile Hall.

38.     Defendants DOES 1-100, inclusive, had, and have, a duty to use reasonable care to protect minor probationers, who were in their custody and control, including Plaintiff. Defendants MOES 1-100, inclusive, were required to, and failed to, use reasonable care to provide adequate training and supervision of Defendants DOES 1-100, inclusive, to monitor Plaintiff's safety and wellbeing, provide adequate care and medical care for Plaintiff, and to be properly vigilant in seeing that training,

supervision, and care was sufficient to ensure the safety of Plaintiff and others in the custody of Defendant CCSF's juvenile detention facilities.

39.     Despite having a duty to do so, Defendants MOES 1-100, inclusive, while acting in the course and scope of their employment and/or agency for Defendant CCSF failed to use reasonable care to adequately train and supervise employees to create a positive and safe environment for those confined to CCSF's juvenile detention facilities, specifically including training to perceive severe mental health issues and take the appropriate steps to manage, monitor, and care for individuals suffering such symptoms. Defendants MOES 1-100, inclusive, failed to use reasonable care to enforce Defendant CCSF's own rules and regulations designed to protect the safety and wellbeing of juvenile probationers. Furthermore, Defendants MOES 1-100, inclusive, failed to use reasonable care to adopt and implement safety measures, policies, or procedures designed to protect these probationers, including but not limited to Plaintiff, from the effects of mental health issues, detention, and solitary confinement.

40.     In subjecting Plaintiff to the wrongful and despicable treatment herein described, Defendants DOES 1-100, inclusive, and Defendants MOES 1-100, inclusive, acted in conscious disregard of the Plaintiff's rights and subjected Plaintiff to cruel and unjust hardship, so as to constitute malice and/or oppression under California Civil Code section 3294. Plaintiff is informed, and on that basis alleges, that specifically, Defendants DOES 1-100, inclusive, acted in concert, and under their authority as Defendant CCSF probation officers or other employees responsible for the oversight and safe operation of correctional and rehabilitative residential centers within Defendant CCSF's Juvenile Probation Department, with reckless disregard for the concern of the probationers in their charge, including but not limited to Plaintiff. Defendants DOES 1-100, inclusive, acted intentionally in creating an environment that failed to provide adequate care to ensure the health and safety of juvenile probationers, placed vulnerable probationers at inherent and devastating risk of harm, and ignored clear warning signs of severe mental health issues, to maintain a façade of normalcy and to maintain the funding Defendant CCSF receives.

41.     The safety of those confined at Defendant CCSF's Probation and detention facilities was entrusted to Defendants DOES 1-100, inclusive, and Defendants MOES 1-100, inclusive, and was

devastatingly compromised due to Defendants DOES 1-100s' desire to maintain the status quo and avoid any public scrutiny for their misconduct. Plaintiff is informed and believes, and on that basis alleges, that these willful, malicious, and/or oppressive acts, as alleged herein above, were ratified by Defendants MOES 1-100, inclusive, as the officers, directors, and/or managing agents of Defendant CCSF and that Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive, acting in the course and scope of their employment and/or agency for Defendant CCSF, engaged in a concerted effort to conceal evidence of the mistreatment of probationers, including but not limited to Plaintiff, by probation officers.

42.     Plaintiff is therefore entitled to recover punitive damages, in an amount to be determined by the Court, against Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive.

//

**FIRST CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against All Defendants)**

43.     Plaintiff realleges and incorporates by reference herein each and every allegation contained above as though fully set forth and stated in this cause of action.

44.     In carrying out the acts and omissions delineated herein, Defendants DOES 1-100, inclusive, knowingly acted without immunity and within the course and scope of their employment with Defendant CCSF, making Defendant CCSF vicariously liable for their acts.

45.     Defendant CCSF and Defendants DOES 1-100s' conduct toward Plaintiff, as described herein, was outrageous and extreme.

46.     A reasonable person would not be expected to tolerate having their severe mental health issues and threat to commit suicide if placed in solitary confinement ignored by Defendants DOES 1-100, inclusive, while in detention and Defendant CCSF and Defendants DOES 1-100s' knowledge and callous indifference of Plaintiff's severe mental health issues, as well as Defendant DOES 1-100s' failure to properly investigate and appropriately respond to Plaintiff's severe mental health issues. Plaintiff's trust in Defendant CCSF and Defendants DOES 1-100, inclusive, for his safety and wellbeing turned to fear and depression by virtue of Defendant CCSF and Defendants DOES 1-100s'

wrongful conduct. Defendant CCSF and Defendants DOES 1-100, inclusive, may be liable for these acts and omissions pursuant to Government Code section 845.6.

47.     A reasonable person would not be expected to tolerate Defendants DOES 1-100s' acts in placing Plaintiff in solitary confinement despite their actual or constructive knowledge that Plaintiff was suffering from severe mental health issues and actual knowledge that Plaintiff had threatened to kill himself if placed in solitary confinement. Defendants DOES 1-100, inclusive, may be liable for these acts and omissions pursuant to Government Code section 820.

48.     A reasonable person would not expect or tolerate Defendants DOES 1-100's failure to use reasonable care to monitor Plaintiff's health and safety after placing Plaintiff in solitary confinement while knowing of Plaintiff's threat to kill himself if placed in solitary confinement.

49.     A reasonable person would not expect or tolerate Defendants MOES 1-100, inclusive, to be incapable of supervising and/or stopping participants and members of Defendants DOES 1-100, inclusive, from their wrongful conduct directed towards Plaintiff, including but not limited to, ignoring Plaintiff's severe mental health issues, exacerbating Plaintiff's mental health issues, and causing Plaintiff's mental health crisis, attempted suicide, and suicidal ideation. Plaintiff had great trust in Defendants DOES 1-100, inclusive, for his safety and wellbeing, which turned to fear and depression by virtue of Defendant CCSF and Defendants DOES 1-100s' wrongful conduct.

50.     The conduct of Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive, in ignoring the severe mental health issues of Plaintiff, exacerbating Plaintiff's mental health issues, and causing Plaintiff's mental health crisis, attempted suicides, and suicidal ideation is deeply offensive to human dignity.

51.     The conduct of Defendants DOES 1-100, inclusive and MOES 1-100, inclusive, described herein was intended to cause and did cause Plaintiff emotional distress or was carried out with reckless disregard of the probability that such conduct would cause Plaintiff to suffer severe emotional distress knowing that Plaintiff was already suffering from severe mental health issues when such conduct occurred.

52.     As a direct, substantial, proximate, and legal result of the conduct of Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive, individually, jointly, and/or severally, Plaintiff sustained

severe emotional distress, emotional anguish, fear, anxiety, humiliation, embarrassment, and other physical and emotional injuries, damages (both economic and noneconomic), and permanent disability, in the past, present, and future, for which this claim is made. The injuries suffered by Plaintiff are substantial, continuing, and permanent. Defendant CCSF and Defendants DOES 1-100s' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

53.    In subjecting Plaintiff to the wrongful treatment herein described, Defendants DOES 1-100, inclusive, acted willfully and maliciously with the intent to harm Plaintiff and subjected Plaintiff to cruel and unjust hardship and/or in conscious disregard of the Plaintiff's rights, so as to constitute malice and/or oppression under California Civil Code § 3294. Plaintiff is informed, and on that basis alleges, that these willful, malicious, and/or oppressive acts, as alleged herein above, were ratified, encouraged, and/or willfully ignored by Defendants MOES 1-100.  Plaintiff is therefore entitled to recover punitive damages, in an amount to be determined by the court, against Defendants DOES 1-100, inclusive, and MOES 1-100, inclusive.

//

## SECOND CAUSE OF ACTION

### NEGLIGENCE

### (Against Defendants CCSF and DOES 1-100)

54.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained above as though fully set forth and brought in this cause of action.

55.    In carrying out the acts and omissions delineated herein, Defendants DOES 1-100, inclusive, and/or other Defendant CCSF employees and/or agents in positions of power within Defendant CCSF's Juvenile Probation Department with the ability to supervise and control juvenile probationers and hire, supervise, control, and retain employees and/or agents of Defendant CCSF, knowingly acted without immunity and within the course and scope of their employment with Defendant CCSF, making Defendant CCSF vicariously liable for their acts.

56.    By overseeing and managing minor probationers in a juvenile detention facility, Defendants DOES 1-100, inclusive, owed Plaintiff a duty to use reasonable care to prevent harm to Plaintiff. In addition to their duty to use reasonable care to prevent harm to others, Defendants DOES

1-100, inclusive, each had special duties to protect Plaintiff and other probationers in their care, control, and custody, when such individuals were entrusted to Defendants DOES 1-100s' care. Plaintiff's care, welfare, and physical custody were entrusted to Defendant CCSF and Defendants DOES 1-100, inclusive. Defendants DOES 1-100, inclusive, voluntarily accepted the entrusted care, control, and custody of Plaintiff and other probationers. As such, Defendant CCSF and Defendants DOES 1-100, inclusive, owed Plaintiff a special duty of care that law enforcement and/or persons in position of authority dealing with vulnerable probationers committed to their custody, owe to protect them from harm. The duty to protect and warn arose from the special, trusting, confidential, and fiduciary relationship between Defendant CCSF and Defendants DOES 1-100, inclusive, and Plaintiff.

57.     Under applicable law, Defendants DOES 1-100, inclusive, individually and by and through their employees and agents, were government officials, employees, and agents, and were under a statutory duty to provide adequate mental health services to minors confined in juvenile facilities and in such a need.

58.     Defendants DOES 1-100, inclusive, breached their duty of care to Plaintiff by ignoring Plaintiff's severe mental health issues and failing to summon medical care for Plaintiff. Defendants DOES 1-100, inclusive, are entrusted with the care, supervision, and detention of Plaintiff, and accordingly have a special relationship with Plaintiff. Defendants DOES 1-100s' duties included attending to Plaintiff's medical needs and mental health issues. Providing for the health and safety of juvenile probationers is an integral part of Defendants DOES 1-100s' jobs. By ignoring Plaintiff's severe mental health issues and failing to provide adequate medical care to Plaintiff when clearly needed, Defendant CCSF and Defendants DOES 1-100, inclusive, failed to use reasonable care to prevent harm to Plaintiff and may be liable for these acts and omissions under Government Code section 845.6.

59.     Defendants DOES 1-100, inclusive, breached their duties to Plaintiff by placing Plaintiff in solitary confinement when Defendants DOES 1-100, inclusive, knew or should have known that Plaintiff was suffering from severe mental health issues and suicidal ideation and knew that Plaintiff had threatened to commit suicide if placed in solitary confinement. The possible injuries and probability of harm resulting from placing a minor already suffering from mental health issues in

solitary confinement are immense. Even if doing so served a legitimate punitive or preventative purpose, Defendants DOES 1-100, inclusive, could have delayed doing so until Plaintiff's mental health issues were properly cared for and stabilized, prior to placing Plaintiff within in solitary confinement. This represented a small burden on Defendants DOES-100, inclusive, but would have prevented the immense damages that resulted to Plaintiff. In so doing, Defendants DOES 1-100, inclusive, and failed to use reasonable care to prevent harm to Plaintiff and may be liable for these acts and omissions under Government Code section 820.

60.     The possible injuries and probability of harm resulting from placing a minor in solitary confinement who was already suffering from mental health issues who had threatened to commit suicide if placed in solitary confinement are immense. Even if doing so served a legitimate punitive or preventative purpose, Defendants DOES 1-100, inclusive, could have delayed doing so until Plaintiff's mental health issues were properly cared for and stabilized, prior to placing Plaintiff within in solitary confinement. This represented a small burden on Defendants but would have prevented the immense damages that resulted to Plaintiff. Defendants DOES 1-100, inclusive, failed to use reasonable care to prevent harm to Plaintiff by ignoring Plaintiff's mental health needs, failing to provide any medical care, and placing Plaintiff in solitary confinement despite their knowledge of Plaintiff's severe mental health issues.

61.     Defendants DOES 1-100, inclusive, knew or should have known that Plaintiff was suffering from severe mental health issues at the times Plaintiff was placed in solitary confinement as alleged herein.

62.     Defendants DOES 1-100, inclusive, knew or should have known, in the exercise of reasonable diligence, that an undue risk to Plaintiff existed because Defendants DOES 1-100, inclusive, knew or should have known that Plaintiff was suffering from severe mental health issues and Defendants DOES 1-100, inclusive, ignored these mental health issues, failed to provide adequate care, and placed Plaintiff in solitary confinement anyway.

63.     By failing to summon mental health services for Plaintiff despite its need being known, ignoring Plaintiff's mental health needs, and placing Plaintiff in solitary confinement, Defendant CCSF and Defendants DOES 1-100, inclusive, created the risk and danger contemplated by the

applicable juvenile detention laws, and as a result, unreasonably and wrongfully caused Plaintiff to suffer from more severe mental health issues, suicidal ideation, and attempted suicide.

64.    Plaintiff was a member of the class of persons for whose protection applicable juvenile detention laws, including Welfare and Institutions Code section 224.71 and Penal Code section 2600, were specifically adopted to protect.

65.    Had Defendants DOES 1-100, inclusive, summoned medical services for Plaintiff and avoided placing Plaintiff in solitary confinement, as required by applicable juvenile detention laws, further harm to Plaintiff would have been avoided.

66.    As a direct, substantial, proximate, and legal result of Defendant CCSF and Defendants DOES 1-100s' failure to use reasonable follow the applicable juvenile detention requirements, Defendant CCSF and Defendants DOES 1-100 wrongfully denied Plaintiff rights provided for by statute in California.

67.    The physical, mental, and emotional damages and injuries resulting from neglect, inattention, and abuse of Plaintiff by Defendant CCSF and Defendants DOES 1-100, inclusive, were the type of occurrences and injuries that the applicable mandated juvenile detention laws were designed to prevent.

68.    As a result, Defendants DOES 1-100s' failure to comply with the mandatory juvenile detention requirements constituted a per se breach of Defendant CCSF and Defendants DOES 1-100s' duties to Plaintiffs. Consequently, Defendant CCSF and Defendants DOES 1-100 may be liable for these acts and omissions under Government Code sections 845.6 and 820.

69.    As a direct and proximate result of the conduct of Defendants DOES 1-100 individually, jointly, and/or severally, Plaintiff has sustained severe emotional distress and physical pain, emotional anguish, suicidal ideation, fear, anxiety, humiliation, embarrassment, and other physical and emotional injuries, damages (both economic and noneconomic), and permanent disability, in the past, present, and future, for which this claim is made. The injuries suffered by Plaintiff are substantial, continuing, and permanent.

70.    Defendant CCSF and Defendants DOES 1-100s' conduct was a substantial factor in causing Plaintiffs' harm.

**THIRD CAUSE OF ACTION**

**NEGLIGENT HIRING, SUPERVISION, OR RETENTION**

**(Against Defendants CCSF and MOES 1-100)**

71.     Plaintiff realleges and incorporates by reference herein each and every allegation contained above as though fully set forth and brought in this cause of action.

72.     In carrying out the acts and omissions delineated herein, Defendants MOES 1-100, inclusive, and other Defendant CCSF employees and/or agents in positions of power within the Defendant CCSF Juvenile Probation Department with the ability to hire, supervise, control, and retain Defendants DOES 1-100, inclusive, knowingly acted without immunity and within the course and scope of their employment with Defendant CCSF, making Defendant CCSF vicariously liable for their acts.

73.     Defendants MOES 1-100, inclusive, hired Defendants DOES 1-100, inclusive, to serve as Chief Probation Officers, Probation Officers, Deputy Probation Officers, and as other employees, responsible for the custody, supervision, control, safety, wellbeing, and direction, of juveniles at Defendant CCSF's Juvenile Hall.

74.     By virtue of Plaintiff's special relationship with Defendants DOES 1-100, inclusive, Defendants MOES 1-100, inclusive, owed Plaintiff a duty to use reasonable care to provide supervision of Defendants DOES 1-100, inclusive, to use reasonable care in providing services, resources and facilities for Plaintiff's severe mental health issues, and to provide adequate training to Defendants DOES 1-100, inclusive, to respond to and manage the mental health issues and crises of juvenile probationers properly. As individuals responsible for, and entrusted with, the physical custody, control, and welfare of probationers, Defendants DOES 1-100, inclusive, had a duty to protect, supervise, and monitor Plaintiff, such that he would not be placed in seclusion when most vulnerable and instead have adequate resources, services, and facilities provided for his health and safety.

75.     Defendants DOES 1-100, inclusive, knew or should have known that Plaintiff was suffering from severe mental health issues. Despite such knowledge, Defendants DOES 1-100, inclusive, negligently detained, supervised, managed, and directed Plaintiff while in custody.

Defendants MOES 1-100, inclusive, negligently supervised and hired, failed to supervise, and retained Defendants DOES 1-100, inclusive, such that Defendants DOES 1-100, inclusive, negligently detained, supervised, managed, and directed Plaintiff while in custody. Defendants MOES 1-100, inclusive, failed to use reasonable care in hiring Defendants DOES 1-100, inclusive, failed to provide reasonable supervision of Defendants DOES 1-100, inclusive, including but not limited to a failure to provide adequate training of Defendants DOES 1-100, inclusive, failed to use reasonable care in investigating the conduct of Defendants DOES 1-100, inclusive, and failed to use reasonable care when choosing to retain and/or promote Defendants DOES 1-100, inclusive. Defendants MOES 1-100, inclusive, further failed to take reasonable steps to ensure the safety of probationers committed to Defendants DOES 1-100, inclusive's custody and control, including Plaintiff, from undue harm, stress, and other conditions negatively impacting Plaintiff's mental health.

76.     At no time, during the periods of time alleged, did Defendants MOES 1-100, inclusive, have in place a reasonable system or procedure to investigate, supervise, and monitor probationers' mental health issues that could prevent more severe mental health issues, nor did they implement a system or procedure to oversee or monitor conduct toward probationers and others in the custody, control, and care of Defendants DOES 1-100, inclusive, by and through its employees and/or agents.

77.     Defendants DOES 1-100, inclusive, were aware or should have been aware of how vulnerable and defenseless Plaintiff was to physical and psychological injuries, given his mental health issues.

78.     Defendants DOES 1-100, inclusive, were placed on notice, knew, and/or should have known that Plaintiff was suffering from serious mental health issues, and that it was foreseeable that Plaintiff would suffer from more severe mental health issues, suicidal ideations, and even attempt suicide, if not cared for, supervised, and detained properly.

79.     Defendants DOES 1-100, inclusive, were placed on actual or constructive notice that Plaintiff was suffering from serious mental health issues. Defendants DOES 1-100, inclusive, were informed of and aware of Plaintiff's serious mental health issues, such that a reasonable person would be on notice of such propensity to suffer more severe mental health issues, suicidal ideation, and even attempted suicide.

80.     Even though Defendants DOES 1-100, inclusive, knew or should have known of Plaintiff's serious mental health issues, Defendants DOES 1-100, inclusive, did not reasonably investigate, supervise, monitor, or provide care for Plaintiff, to ensure the safety of Plaintiff and others committed to their custody, care, control, supervision, and direction.

81.     Defendants DOES 1-100s' conduct was a breach of their duties to Plaintiff.

82.     Defendants DOES 1-100, inclusive, each breached their duty to Plaintiff by, inter alia, failing to adequately investigate, monitor, supervise, and care for Plaintiff.

83.     Defendants MOES 1-100, inclusive, breached their duty of care to Plaintiff by failing to adequately hire and supervise Defendants DOES 1-100, inclusive, by choosing to retain Defendants DOES 1-100, inclusive, and by holding Defendant CCSF and Defendants DOES 1-100, inclusive, out to Plaintiff and others as being of high moral and ethical repute, in good standing, and trustworthy. As individuals given a high degree of trust and responsibility by the community and Defendants MOES 1-100, inclusive, had a duty to act with the utmost care towards juvenile probationers, including Plaintiff. The possible injuries and probability of harm resulting from negligently hiring, supervising, and retaining employees in such a situation can result in severe physical and psychological damages to juvenile probationers. Although this may result in increased time and effort to hire, supervise, and retain adequate employees, it is a small cost in relation to the undertaking with which the Juvenile Probation Department is tasked. By negligently hiring, supervising, and retaining Defendants DOES 1-100, inclusive, Defendants MOES 1-100, inclusive, failed to use reasonable care to prevent harm to Plaintiff and may be liable for these acts and omissions under Government Code section 820.

84.     As a direct, substantial, proximate, and legal result of the conduct of Defendants DOES 1-100, inclusive, individually, jointly, and/or severally, Plaintiff sustained severe emotional distress and physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment, suicidal ideation, attempted suicide, and other physical and emotional injuries, damages (both economic and noneconomic), and permanent disability, in the past, present, and future, for which this claim is made. The injuries suffered by Plaintiff are substantial, continuing, and permanent.

85.     Defendants DOES 1-100s' conduct was a substantial factor in causing Plaintiffs' harm.

//

**FOURTH CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983 and ARTICLE 1 SECTION 17 OF THE CALIFORNIA CONSTITUTION (CRUEL AND UNUSUAL PUNISHMENT)**

**(Against Defendants CCSF and DOES 1-100)**

86.     Plaintiff realleges and incorporates by reference herein each and every allegation contained above as though fully set forth and brought in this cause of action.

87.     In carrying out the acts and omissions delineated herein, Defendants DOES 1-100, inclusive, knowingly acted without immunity and within the course and scope of their employment with Defendant CCSF, making Defendant CCSF vicariously liable for their acts.

88.     Defendants DOES 1-100, inclusive, knew or should have known that Plaintiff was suffering from severe mental health issues, including suicidal ideation.

89.     While Plaintiff was suffering from the aforementioned mental health issues and that Plaintiff had threatened to commit suicide if placed in solitary confinement, Defendants DOES 1-100, inclusive, placed Plaintiff, a minor, in solitary confinement.

90.     Defendants DOES 1-100, inclusive, intentionally disregarded Plaintiff's severe and pressing mental health needs and failed to summon medical care for Plaintiff or to provide adequate medical care to Plaintiff, thereby displaying a deliberate indifference to the rights, health, and safety of Plaintiff. Defendants took no reasonable steps to mitigate or abate Plaintiff's mental crisis.

91.     Defendants DOES 1-100s' conduct denied Plaintiff the necessary mental health care and services he was in immediate need of and had a right to. Defendants DOES 1-100s' denial of necessary care and deliberate disregard for Plaintiff's mental health is deeply offensive to human dignity.

92.     Upon information and belief, Defendant CCSF had and continues to have a policy and widespread practice of placing minors in the Juvenile Probation Department in solitary confinement, regardless of whether they were/are suffering from severe mental health issues, including but not limited to suicidal ideation. Such a policy of placing minors in solitary confinement, with complete disregard of a minor's state of wellbeing, constitutes deliberate indifference on the part of Defendant

CCSF, to the health, safety, and rights of minors in the Juvenile Probation Department, including Plaintiff. Defendant CCSF's aforementioned policy is deeply offensive to human dignity.

93.     Defendants DOES 1-100, inclusive, acted under color of law and/or purported to act in the performance of their official duties in detaining and supervising Plaintiff.

94.     Due to Defendants DOES 1-100s' deliberate indifference to Plaintiff's severe mental health issues, rights, health, and safety, through their failure to summon medical care for Plaintiff, purposeful dismissal of Plaintiff's severe mental health issues, maintenance of a policy of placing minors in the Juvenile Probation Department in solitary confinement, without regard to their mental state, and by placing Plaintiff in solitary confinement, Defendants deprived Plaintiff of the right to be free from cruel and unusual punishment, and from exercising his constitutional rights under the United States Constitution, the California Constitution, and the law of this state to safety in his bodily integrity.

95.     As a direct and proximate result of the conduct of Defendants CCSF and DOES 1-100, inclusive, individually, jointly, and/or severally, Plaintiffs sustained severe emotional distress and physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment, and other physical and emotional injuries, damages (both economic and noneconomic), and permanent disability, in the past, present, and future, for which this claim is made. The injuries suffered by the Plaintiff are substantial, continuing, and permanent.

96.     Defendant CCSF and Defendants DOES 1-100s' conduct was a substantial factor in causing Plaintiff's harm.

97.     Defendant CCSF and Defendants DOES 1-100, inclusive, are accordingly liable under 42 U.S.C. § 1983.

98.     As Defendant CCSF and Defendants DOES 1-100 are liable under 42 U.S.C. § 1983, injunctive relief is proper and Plaintiff prays for such relief below.

//

//

//

/

**WHEREFORE**, Plaintiff prays for a jury trial and for judgment against Defendants as follows:

**FOR ALL CAUSES OF ACTION**

1. For past, present, and future non-economic damages in an amount to be determined at trial;

2. For past, present, and future special damages, including but not limited to past, present, and future lost earnings, economic damages and others, in an amount to be determined at trial;

3. Any appropriate statutory damages;

4. For costs of suit;

5. Punitive damages, according to proof, only as to Defendants DOES 1-100;

6. For interest based on damages, as well as pre-judgment and post-judgment interest as allowed by law;

7. For attorney's fees as allowable by law;

8. Injunctive relief pursuant to 42 U.S.C. § 1983 in the form of an order from this court barring Defendant CCSF from placing minors into solitary confinement or an order barring Defendant CCSF from placing minors with documented mental health issues in solitary confinement.

8. For such other and further relief as the Court may deem proper.

//

Dated: December 21, 2023                        **GOETHALS LEGAL, PC**


By: _____
            Joseph M. Goethals, Esq.
            Charles P. Stone, Esq.
            Attorneys for Plaintiff
            JOHN CJ DOE BY AND THROUGH
            HIS GUARDIAN AD LITEM HONG
            CHEW

//
//
//
//
//

*Case No. ____*
**PLAINTIFF JOHN CJ DOE BY AND THROUGH HIS GUARDIAN AD LITEM HONG CHEW'S COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: December 21, 2023                         **GOETHALS LEGAL PC**

By: _____
                                        Joseph M. Goethals, Esq.
                                        Charles P. Stone, Esq.
                                        Attorneys for Plaintiff
                                        JOHN CJ DOE BY AND THROUGH HIS
                                        GUARDIAN AD LITEM HONG CHEW

Case No. ____
**PLAINTIFF JOHN CJ DOE BY AND THROUGH HIS GUARDIAN AD LITEM HONG CHEW'S COMPLAINT FOR DAMAGES**

EXHIBIT A

CITY AND COUNTY OF SAN FRANCISCO



DAVID CHIU
City Attorney

OFFICE OF THE CITY ATTORNEY

Frederick P. Sheinfield
Chief Claims Deputy

DIRECT DIAL:  (415) 554-3872
E-MAIL:  RICK.SHEINFIELD@SFCITYATTY.ORG

August 2, 2023

Joseph M. Goethals Esq.
Goethals Legal PC
1131 Howard Ave.
Burlingame, CA 94010

RE:    Claim of ▓▓▓▓▓▓▓    Claim Number 23-02538

Department:       JUVPRO Juvenile Probation/Y.G.C. (12)
Incident Date:    January 12, 2023
Claim Filed:      June 20, 2023

**NOTICE OF ACTION UPON CLAIM**          **PLEASE TAKE NOTICE THAT**

An investigation of your claim filed with the City and County of San Francisco has revealed no indication of liability on the part of the City and County. Accordingly, your claim is DENIED.

The Government Code requires us to include the following language to all putative claimants. The Code contains no express exceptions for those already represented.

**WARNING**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code section 945.6. This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Claims Act, Government Code sections 900 et. seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Please also be advised that, pursuant to Code of Civil Procedure sections 128.7 and 1038, the City and County of San Francisco will seek to recover all costs of defense in the event an action is filed in this matter and it is determined that the action was not brought in good faith and with reasonable cause.

Very truly yours,

DAVID CHIU
City Attorney

Frederick P. Sheinfield
Chief Claims Deputy

FOX PLAZA ·1390 MARKET STREET, 7TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3900 · FACSIMILE: (415) 554-8795

n:\claim\cl2023\23-02538\01694764.docx

Claim of: [REDACTED]                          Claim Filed:   June 20, 2023

I, Narayan Bhattarai, say:  I am a citizen of the United States, over eighteen years of age, and not a party to the within action; that I am employed by the City Attorney's Office of San Francisco, Fox Plaza, 1390 Market Street, 7th Floor, San Francisco, CA 94102.

That on August 2, 2023 I served:

## NOTICE OF ACTION UPON CLAIM

by placing a true copy thereof in an envelope addressed to:

Joseph M. Goethals Esq.
Goethals Legal PC
1131 Howard Ave.
Burlingame, CA  94010

Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 2, 2023 at San Francisco, California.

_____
Narayan Bhattarai

## DECLARATION OF SERVICE BY MAIL

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY



DAVID CHIU                                          Nichelle Flentroy
City Attorney                                       Claims Adjuster

                                                    DIRECT DIAL:   (415) 554-4232
                                                    E-MAIL:        NICHELLE.FLENTROY@SFCITYATTY.ORG

                                                    November 20, 2023

Charles Stone Esq.
Goethals Legal PC
1131 Howard Ave.
Burlingame, CA 94010

RE:    Claim of ▮▮▮▮▮▮▮ / Claim Number 24-00735

       Department:        JUVPRO   Juvenile Probation/Y.G.C. (12)
       Incident Date:     September 28, 2023
       Claim Filed:       October 18, 2023

**NOTICE OF ACTION UPON CLAIM**          **PLEASE TAKE NOTICE THAT**

An investigation of your claim filed with the City and County of San Francisco has revealed no indication
of liability on the part of the City and County. Accordingly, your claim is DENIED.

The Government Code requires us to include the following language to all putative claimants. The Code
contains no express exceptions for those already represented.

**WARNING**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally
delivered or deposited in the mail to file a court action on this claim. See Government Code section
945.6. This time limitation applies only to causes of action arising under California law for which a claim
is mandated by the California Government Claims Act, Government Code sections 900 et. seq. Other
causes of action, including those arising under federal law, may have shorter time limitations for filing.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to
consult an attorney, you should do so immediately.

Please also be advised that, pursuant to Code of Civil Procedure sections 128.7 and 1038, the City and
County of San Francisco will seek to recover all costs of defense in the event an action is filed in this
matter and it is determined that the action was not brought in good faith and with reasonable cause.

                         Very truly yours,

                         DAVID CHIU
                         City Attorney

                         Nichelle Flentroy
                         Claims Adjuster

FOX PLAZA · 1390 MARKET STREET, 7TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3900 ·   FACSIMILE: (415) 554-8795

n:\claim\cl2023\24-00735\01718855.docx

Claim of:                                    Claim Filed:   October 18, 2023

      I, Nichelle D. Flentroy, say:  I am a citizen of the United States, over eighteen years of age, and not a party to the within action; that I am employed by the City Attorney's Office of San Francisco, Fox Plaza, 1390 Market Street, 7th Floor, San Francisco, CA 94102.

      That on November 20, 2023 I served:

### NOTICE OF ACTION UPON CLAIM

by placing a true copy thereof in an envelope addressed to:

      Charles Stone Esq.
      Goethals Legal PC
      1131 Howard Ave.
      Burlingame, CA  94010

      Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service.  I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail.  In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on November 20, 2023 at San Francisco, California.

                          Nichelle D. Flentroy

### DECLARATION OF SERVICE BY MAIL

# END OF EXHIBITS

# Exhibit B

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **JUN 05, 2024** |
| **TIME:** | **10:30 am** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at https://sf.courts.ca.gov under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
>
> (SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at https://sf.courts.ca.gov/divisions/civil-division/alternative-dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**adrcoordinator@sftc.org**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# Exhibit C

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOHN CJ DOE BY AND THROUGH HIS GUARDIAN AD LITEM HONG CHEW v. CITY AND COUNTY OF SAN FRANCISCO, DOES 1-100, INCLUSIVE, AND MOES 1-100, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOHN CJ DOE BY AND THROUGH HIS GUARDIAN AD LITEM HONG CHEW

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco County Superior Court<br><br>400 McAllister San Francisco, California 94102 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>**CGC-24-611415** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph M. Goethals and Charles P. Stone Goethals Legal 1131 Howard Ave. Burlingame, CA 94010 650-218-4319

| DATE:<br>*(Fecha)* **01/05/2024** | Clerk, by<br>*(Secretario)* _____ **ERNALYN BURA** _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

# Exhibit D

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Joseph M. Goethals(SBN 242889)/Charles P. Stone(224897)
GOETHALS LEGAL PC 1131 Howard Ave. Burlingame, CA 94010

TELEPHONE NO.: (650) 394-7390          FAX NO. :
EMAIL ADDRESS: charles@goethalslegal.com
ATTORNEY FOR *(Name):* JOHN CJ DOE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
JOHN CJ DOE v. CITY AND COUNTY OF SAN FRANCISCO, et al.

**FOR COURT USE ONLY**

ELECTRONICALLY
**F I L E D**
*Superior Court of California,
County of San Francisco*

**01/08/2024**
**Clerk of the Court**
BY: MARK UDAN
Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-24-611415  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 9
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 8, 2024
Charles P. Stone
_____
(TYPE OR PRINT NAME)          ►  *Charles Stone*          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition